IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE SPANN, : | : | CIVIL ACTION |
| Plaintiff, : | : | |
| v. : | : | No.  16-3946 |
| MIDLAND CREDIT MANAGEMENT and : | : | |
| MIDLAND FUNDING, LLC, : | : | |
| Defendants. : | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                 **SEPTEMBER 27, 2016**

Presently before this Court is the Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendants, Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("MF") (collectively, "Defendants").  Plaintiff, Eunice Spann ("Spann"), has not filed any response to the Motion.  For the reasons set forth below, Defendants' Motion is granted.

**I.      BACKGROUND**

Spann brought her Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), attempting to assert a claim against Defendants premised on a MCM collection letter ("the MCM Letter").  See Compl.; Ex. A (the MCM Letter).  Spann contends that the MCM Letter violates the FDCPA because the requisite disclosures set forth under Section 1692g of the FDCPA are not fully and clearly stated on the reverse side of the MCM Letter.[1]  Id.

---

[1] Defendants argue that MF is not a proper party to this lawsuit because MF does not oversee MCM and "MF does not supervise, oversee, authorize, instruct, mail or compose collection letters issued by MCM."  (Defs.' Mem. Law Support Mot. for J. on Pleadings at 6 n.3; 13 n.4.)

At all relevant times to the allegations in the Complaint, MCM was attempting to collect a valid and delinquent debt owed to MF, which was originally owed to Citibank (South Dakota), N.A., in the amount of $10,772.16.  (Defs.' Mem. Law Support Mot. for J. on Pleadings at 4.)  On August 27, 2015, MCM issued an initial collection letter to Spann in the course of MCM's efforts to recover on the delinquent debt obligation owed by Spann.  (Id.; Ex. A (the MCM Letter)).  The front of the MCM Letter provides payment opportunities and instructs Spann to see the reverse side for important disclosure information, including validation disclosures.  (Id.)  After the signature line on the front page of the MCM Letter, it states:

> P.S. These payment opportunities do not alter or amend your validation rights as described on the reverse side.

(Id.)  At the bottom of the first page of the MCM Letter, MCM advises:

> PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

(Id. at 5.)  The front of the MCM Letter provides Spann with the following two notices: the first, advises that the validation rights are set out on the reverse side of the MCM Letter; and the second, directs Spann to see the reverse side for important disclosure information, including the disclosures required under Section 1692e(11) and Section 1692g(a).[2]  (Id.)

In accordance with 15 U.S.C. § 1692g, the back of the MCM Letter informs Spann of her rights to dispute her debt and to seek validation of the debt from MCM.[3]  (Id.)  Spann's

---

[2] Section 1692e provides, *inter alia*, that debt collectors may not make misleading representations pertaining to collection of any debt, and § 1692g outlines the mandatory written disclosures that a debt collector must provide within five days of a debt collector's initial communication with a consumer.  15 U.S.C. §§ 1692e, 1692g.

[3] Under Section 1692g, the required disclosures include the validation notice, which "inform[s] the [debtor] how to obtain verification of the debt and that he has thirty days in which to do so."  Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000).  In order to comply with the FDCPA, a validation notice "must not only explicate a debtor's rights; it must do so effectively . . . the notice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed . . . . More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector."  Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991) (citation omitted).

Complaint does not allege any deficiencies as to the content of the validation notice, which states:

> Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.
>
> If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.
>
> If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

(Id.)

On June 22, 2016, Spann commenced this action against Defendants in the Court of Common Pleas of Philadelphia County, Pennsylvania, which was removed here on July 21, 2016.[4]  (See Not. of Removal.)  In her Complaint, Spann alleges that the MCM Letter violates the FDCPA by failing to fully and clearly give her the statutory notice required by Section 1692g.  See Compl.  Specifically, Spann contends that the validation notice printed on the reverse side of the MCM Letter "is not prominent or conspicuous and is overshadowed by other messages."  Id. ¶ 17.  She also asserts that the instruction to see the reverse side of the MCM Letter was printed at the bottom of the Letter "inconspicuously, and overshadowed by other and more prominent messages."[5]  Id. ¶ 16.

Defendants seek the entry of a judgment on the pleadings in their favor arguing that Spann fails to advance a plausible claim upon which relief can be granted because "[a] reading of the MCM Letter reveals no overshadowing on the front of the letter that could obscure the disclosure of the protections afforded to Plaintiff on the reverse side."  (Defs.' Mem. Law

---

[4] We have subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

[5] In her Complaint, Spann states that the front of the MCM Letter says "to 'see reverse side for important information,'" when it actually says "**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**".  Compl. ¶ 16; Ex. A.

Support Mot. for J. on Pleadings at 6.)  They point out that Spann's "description of the 'please see reverse side' notice on the front of the MCM Letter avoids the fact that this instruction was written in large, bold and capital letters."  (Id.)  Also, they state that Spann "conveniently neglects the instruction on the front of the MCM Letter that the payment opportunities 'do not alter or amend your validation rights as described on the reverse side.'"  (Id.)  Spann has not responded to any of Defendants' arguments seeking judgment on the pleadings.

## II.  LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  A court may grant a motion for judgment on the pleadings "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law."  DiCarlo v. St. Mary Hosp., 530 F.3d 255, 262 (3d Cir. 2008) (citation omitted).  "We 'view[ ] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff.'"  D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 271 (3d Cir. 2014) (quoting Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004)).  "A Rule 12(c) motion 'should not be granted unless the moving party has established that there is no material issue of fact to resolve, and [the moving party] is entitled to judgment as a matter of law.'"  Id. (quoting Mele, 359 F.3d at 253).  "Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record."  Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (footnotes omitted).

## III.  DISCUSSION

As an initial matter, we point out that "unlike a motion for summary judgment, we may

grant a motion for judgment on the pleadings as uncontested under Local Rule of Civil Procedure 7.1(c) without considering the merits of the motion." Smith v. Zeeky Corp., No. 09-4253, 2010 WL 1878716, at *7 (E.D. Pa. May 7, 2010) (citing E.D. Pa. R. 7.1(c) ("In the absence of timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R. Civ. P. 56(c).")); see also Hollister v. U.S. Postal Serv., 142 F. App'x. 576, 577 (3d Cir. 2005) ("[I]f a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis.").  In this case, Spann is represented by counsel.  Also, Spann's counsel requested, and was granted, additional time to respond to Defendants' Motion, but never filed any opposition or response.  (Doc. Nos. 9, 10.)  Therefore, we may dismiss Spann's claims against Defendants summarily.  However, in the alternative, we will also address the merits of Defendants' Motion.

"'[W]hether language in a collection letter contradicts or overshadows the validation notice is a question of law.'" Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 146-47 (3d Cir. 2013) (quoting Quadramed, 225 F.3d at 353 n.2).  Such a conclusion is decided from the perspective of the "least sophisticated debtor." Id. at 149 (citations omitted).  Under the "least sophisticated debtor" standard, "a validation notice is overshadow[ed] or contradict[ed] if [the collection correspondence] would make the least sophisticated consumer uncertain as to her rights." Id. (citation omitted).

Spann alleges that the MCM Letter failed to fully and clearly give her the statutory notice required by 15 U.S.C. § 1692g.  Compl. ¶ 19.  Spann does not argue that the validation notice on the back side of the MCM Letter fails to meet the requirements of Section 1692g(a).  Instead, she asserts that the validation notice printed on the reverse side is not prominent or conspicuous and

is overshadowed by other messages; however, we find these arguments unavailing.

There are several important disclosures entitled "**Important Disclosure Information**" on the reverse side of the MCM Letter.  See Compl.; Ex. A.  The validation disclosures, along with other disclosures, are plainly set out on the reverse side.  Id.  In her Complaint, Spann asserts that the "reference on the front of the letter to 'see reverse side for important information' is printed at the bottom, inconspicuously, and overshadowed by other, larger and more prominent messages," and "[t]he validation Notice printed on the reverse side is not prominent or conspicuous and is overshadowed by other messages."  Id. ¶¶ 16, 17.  The front side of the MCM Letter conspicuously places Spann on notice in all caps and bold print to "**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**".  Id.; Ex. A.  It provides settlement options for Spann.  Id.  Below the signature line on the front page of the MCM Letter, a postscript provide: "These payment opportunities do not alter or amend your validation rights as described on the reverse side."  Id.

The least sophisticated debtor is "bound to read collection notices in their entirety."  See Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011) (quoting Campuzano–Burgos v. MCM, 550 F.3d 294, 299 (3d Cir. 2008)).  "Although established to ease the lot of the naive, the [least sophisticated debtor] standard does not go so far as to provide solace to the willfully blind or non-observant.  Even the least sophisticated debtor is bound to read collection notices in their entirety."  Campuzano–Burgos, 550 F.3d at 299 (citations omitted).  Reading MCM's Letter in its entirety, Spann would undoubtedly see the capitalized and bolded direction to see the reverse side for important disclosure information.  Compl.; Ex. A.  Likewise, she would clearly read on the front page the statement: "These payment opportunities do not alter or amend your validation rights as described on the reverse side."  Id.  On the reverse

side of the MCM Letter, the least sophisticated debtor would read his or her rights as they are clearly and conspicuously set forth. Id. "That the Validation Notice is in the reverse of the letter is not, per se, misleading." Hawk v. EOS CCA, No. 13-1964, 2014 WL 948059, at *2 n.2 (E.D. Pa. Mar. 10, 2014) (citing Hoover v. MCM, No 10-6856, 2012 WL 1080117, at *7 (E.D. Pa. Mar. 30, 2012) ("Upon arriving at that instruction [to see the reverse side,] the least sophisticated debtor would, in exercising a 'modicum of reasonableness' and 'basic level of understanding', . . . turn the Settlement Letter over to examine the 'IMPORTANT INFORMATION' appearing on the reverse side.")).

Spann asserts an "overshadowing" claim in her Complaint; however, neither the substance nor the form of the MCM Letter would confuse or mislead the least sophisticated debtor. See Quadramed, 225 F.3d at 361 (holding that there is no violation of Section 1692g because neither the form nor the substance of Quadramed's letter overshadowed or contradicted the validation notice). Accordingly, the MCM Letter does not leave the least sophisticated debtor uncertain as to his or her rights under the FDCPA. As a result, it does not violate Section 1692g.

## IV.     CONCLUSION

Defendants' Motion for Judgment on the Pleadings is unopposed by Spann, and, therefore, we grant it summarily. Additionally, the Motion is granted on the merits because the MCM Letter did not violate Section 1692g. Consequently, Defendants' Motion for Judgment on the Pleadings is granted. The action is dismissed with prejudice.

An appropriate Order follows.